## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KELLY A. O., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-3423 |
| v. | ) | |
| | ) | Magistrate Judge Jeannice W. Appenteng |
| MICHELLE KING, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kelly A. O. seeks to overturn the final decision of the Acting
Commissioner of Social Security ("Commissioner") denying her applications for
Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")
under Titles II and XVI of the Social Security Act. The parties consented to the
jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c),
and filed cross-motions for summary judgment. After review of the record and the
parties' respective arguments, the Court finds that the case must be remanded for
further proceedings.

## BACKGROUND

Plaintiff protectively applied for DIB and SSI benefits on February 14, 2020,
alleging disability since January 29, 2020 due a Chiari malformation,[2] scoliosis,

---

[1] Michelle King became the Acting Commissioner of Social Security on January 20, 2025.
She is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

[2] A Chiari malformation is a "condition in which brain tissue extends into the spinal canal."
https://www.mayoclinic.org/diseases-conditions/chiari-malformation/symptoms-causes/syc-
20354010, *archived at* http://perma.cc/7KZ4-2989. Symptoms can include bad headaches,

anxiety, depression, blurry vision, a back injury, allergies, migraines, and marginal osteophytes. Administrative Record ("R.") 246-49, 252-53, 281. Born in January 1983, plaintiff was 37 years old as of the alleged onset date, making her a younger person (under age 50). 20 C.F.R. § 404.1563(c); 20 C.F.R. § 416.963(c). R. 246, 252. She lives with her parents and completed one year of college. R. 43, 282. Plaintiff stopped working in January 2020 after experiencing a sound like glass breaking in her head, followed by extreme pain. R. 45.

The Social Security Administration denied plaintiff's applications initially on April 15, 2021, and upon reconsideration on August 17, 2021. R. 79-148. Plaintiff filed a timely request for a hearing and on December 9, 2021 she appeared before an administrative law judge ("ALJ"). R. 37-78. The ALJ heard testimony from plaintiff, who was represented by counsel, and from vocational expert Thomas Grzesik (the "VE").[3] R. *Id.* On December 30, 2021, the ALJ found that plaintiff's degenerative disc disease, migraine, anxiety disorder, depression disorder, and adjustment disorder are all severe impairments, but that they do not alone or in combination with plaintiff's non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 20-23.

After reviewing the evidence, the ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform sedentary work with various postural, environmental, and non-exertional limitations. R. 23-28. The ALJ

---

neck pain, unsteady gait, poor hand coordination, dizziness, and numbness and tingling of the hands and feet. *Id.*

[3] The hearing was held telephonically due to the COVID-19 pandemic.

accepted the VE's testimony that a person with plaintiff's background and this RFC could not perform plaintiff's past work as a resident care aide, assistant manager, or screen printer, but could perform a significant number of other jobs available in the national economy. R. 29-30. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 30-31. On May 23, 2022, the Appeals Council denied plaintiff's request for review. R. 1-5. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, plaintiff argues that the ALJ: (1) did not adequately consider the limiting effects of her Chiari malformation; (2) erred in determining that her migraine headaches are not severe; (3) failed to account for the effects of her moderate mental limitations; and (4) erred in discrediting her subjective statements regarding her symptoms. For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of plaintiff's moderate social limitations.

## DISCUSSION

### A. Standard of Review

A claimant is disabled within the meaning of the Social Security Act if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

3

death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[4] 20 C.F.R. § 404.1505(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether [the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets her burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.*

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and

---

[4] Because the regulations governing DIB and SSI are substantially identical, for ease of reference, only the DIB regulations are cited herein.

afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## B.     Analysis

### 1.     Mental RFC

Plaintiff argues that the case must be reversed or remanded because the RFC determination fails to account for her moderate limitations in concentration, persistence, or pace ("CPP"). Dkt. 13 at 10-14. A claimant's RFC is the maximum work that she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Bronwen M. v. Kijakazi*, No. 22 C 50153, 2023 WL 6388207, at *2 (N.D. Ill. Sept. 29, 2023) (quoting *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012)).

The ALJ found that despite plaintiff's moderate CPP limitations, she can perform simple, routine tasks because they "impose lesser demands in this mental functional domain." R. 23, 27. Plaintiff objects that restrictions to simple and routine tasks do not accommodate moderate limitations in CPP. Dkt. 13 at 10-14. Though this is generally true, the Seventh Circuit has recognized that "in some situations where a consulting physician translates a finding of moderate limitations

in concentration, persistence, or pace into an RFC for simple, routine work, the ALJ may rely on that opinion in assigning the RFC." *Craig C. v. Kijakazi*, No. 21 C 1381, 2023 WL 3763533, at *3 (N.D. Ill. June 1, 2023) (citing *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015)).

Here, state agency reviewers M.W. DiFonso, Psy.D. and Robert Jackson, Ph.D. both translated plaintiff's moderate limitations in CPP into a specific RFC, explaining that her "[c]ognitive and attentional skills are intact and adequate for simple one-two step as well as multiple step tasks." R. 97, 119, 135, 146. The ALJ found these opinions persuasive and adopted an RFC consistent with the stated parameters. R. 28. The Court finds no error in this assessment. *See Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (ALJ reasonably relied on consultants' narrative RFC assessments); *Melissa M. v. Saul*, No. 19 C 745, 2020 WL 207715, at *5 (N.D. Ill. Jan. 14, 2020) (ALJ properly relied on opinion of medical expert who translated moderate limitations in CPP into a specific RFC).

The same cannot be said for the ALJ's discussion of plaintiff's limitations in interacting with others. The ALJ accepted the opinions from Drs. DiFonso and Jackson that plaintiff is moderately limited in her ability to interact appropriately with the general public and respond appropriately to criticism from supervisors. R. 22, 96, 118, 135, 146. In determining plaintiff's RFC, the ALJ expressly addressed plaintiff's difficulties with the public, limiting her to only occasional such interactions. R. 23. But with respect to supervisors, the ALJ imposed no restrictions at all. The only explanation provided is that plaintiff has "appropriate ability to

interact in a professional setting." R. 27. This is based on a consultative examiner's January 20, 2021 observation to that effect. R.27, 572 (stating that plaintiff's "interactions in a professional setting seemed to be appropriate").

The problem is that the ALJ offers no rationale for why an ability to act appropriately in a professional setting requires restricted interaction with the public but allows for unlimited interaction with supervisors. *See Monique J. v. Kijakazi*, No. 22 C 4573, 2023 WL 7110746, at *5 (N.D. Ill. Oct. 27, 2023) ("The ALJ did not explain why Monique's moderate limitation in interacting with others differs based on whether the interaction is with 'the general public,' 'coworkers,' or 'supervisors'"). The narrative portions of the state agency opinions, which indicate that plaintiff needs "moderate limitation of social expectations" in an environment with "modified social demands," do nothing to clarify the distinction. R. 97, 119, 136, 147. The omission of any limits on supervisor interaction is significant because a greater restriction may have impacted the availability of other jobs. *Shawn C. v. O'Malley*, No. 21 C 6276, 2024 WL 3161659, at *3 (N.D. Ill. June 25, 2024).

To be clear, the Court is not holding that an ALJ must restrict supervisor interactions when a claimant has moderate limitations in that area. Viewing the record as a whole, however, the ALJ failed to explain why plaintiff is capable of unlimited interaction with supervisors despite her moderate limitation in responding appropriately to supervisory criticism. *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (requiring "an accurate and logical bridge from the evidence

to [the ALJ's] conclusion."). The case must be remanded for further consideration of this issue.

### 2. Remaining Arguments

The Court does not find any specific error with respect to plaintiff's remaining arguments. That said, the ALJ should take the opportunity on remand to reconsider all aspects of plaintiff's RFC, including any functional limitations stemming from her Chiari malformation and migraine headaches. The ALJ should also reevaluate plaintiff's subjective statements and obtain additional testimony as appropriate.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment [13] is granted, and the Commissioner's motion for summary judgment [19] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

**SO ORDERED.**

**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 2/3/2025